UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TRANSQUAY LIMITED PARTNERSHIP,

        Plaintiff,

- against -

GLOBAL MARITIME NAVIGATION LTD.,
and KREMIKOVTZI A.D. a.k.a. KREMIKOVTZI
CORP. a.k.a. KREMIKOVTSI,

        Defendants.
------------------------------------------------------------X



07 CV 11130

ECF CASE

RECEIVED DEC 10 2007 U.S.D.C. S.D.N.Y. CASHIERS

## VERIFIED COMPLAINT

Plaintiff, TRANSQUAY LIMITED PARTNERSHIP ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendants, GLOBAL MARITIME NAVIGATION LTD. ("GMN") and Kremikovtzi A.D. a.k.a. KREMIKOVTZI CORP. a.k.a. KREMIKOVTSI ("K.C."), ("Defendants"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in London and was at all material times the Owner of the M/V ZETLAND (the "Vessel").

    3.    Upon information and belief and at all material times, Defendant GMN was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Sofia, Bulgaria, and was the Charterer of the Vessel.

4. Upon information and belief and at all material times, Defendant K.C. was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Sofia, Bulgaria, and was the guarantor of GMN's performance under the charter party.

5. Upon information and belief, Defendant Kremikovtzi A.D. is also known as Kremikovtzi Corp. and Kremikovtsi.

6. Pursuant to a fixture recap dated August 17, 2007 based on the terms of an amended Americanized Welsh Coal Charter with Riders dated August 16, 2007 (the "charter party"), the Plaintiff chartered the Vessel to GMN for the carriage of a cargo of iron ore from Brazil to Bulgaria.

7. Pursuant to the terms of the fixture recap and a guarantee letter dated August 21, 2007, K.C. was the guarantor of the Charterers' performance under the charter party.

8. Certain disputes arose between the parties regarding the Defendants' failure to pay demurrage due and owing to the Plaintiff under the charter party.

9. Despite due demand, the Defendants have failed to pay the demurrage due and owing to the plaintiff in breach of the charter party.

10. Pursuant to the charter party, disputes arising thereunder with claims exceeding $100,000 are to be submitted to the High Court of Justice in England and Wales with English law to apply.

11. Plaintiff has commenced court proceedings in accordance with the charter party.

12. As a result of the Defendants' breaches of the charter party, the Plaintiff has suffered damages in the total principal amount of **$630,499.99** exclusive of interest, court costs and attorneys fees.

13.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following:

|   |   |   |
|---|---|---|
| A. | Principal claim: | $630,499.99 |
| B. | Estimated interest on claims: 3 years at 6.5%, compounded quarterly | $134,688.64 |
| C. | Estimated attorneys' fees and court costs: | $200,000.00 |
| **Total** | | **$965,188.63** |

14.    Upon information and belief, Defendant K.C. is the guarantor of GMN's performance under the charter party and GMN is the alter ego of Defendant K.C. because K.C. dominates and disregards GMN's corporate form to the extent that K.C. is actually carrying on the business and operations of GMN as if the same were its own.

15.    Upon information and belief, Defendant GMN is a shell-corporation through which Defendant K.C. conducts its business.

16.    Upon information and belief, GMN and K.C. share common employees including Mr. Lazar Slanchev and/or use their names interchangeably in the industry. Mr. Slanchev signed a letter of indemnity dated September 26, 2007 on behalf of Global Maritime Navigation Ltd. as "managing director" of that company. However, his email address is lazar.slanchev@kremikovtzi.com.

17.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

3

held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

18. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$965,188.63.**

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $965,188.63 belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name(s) or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

4

C. That pursuant to N.Y. CPLR Article 53, *et seq.* this Court recognize and confirm any final judgment from the English Court in Plaintiff's favor against the Defendants as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: December 10, 2007
New York, NY

The Plaintiff,
TRANSQUAY LIMITED PARTNERSHIP,

By: /s/ R. Davies
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

5

## ATTORNEY'S VERIFICATION

State of New York )
                     ) ss.: City of New York
County of New York )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: December 10, 2007
New York, NY

                                                      _____
                                                      Lauren C. Davies