UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRANSQUAY LIMITED PARTNERSHIP,          :
                                        :
                Plaintiff,              :
                                        :   07 CV 11130 (CM)
        - against -                     :   ECF CASE
                                        :
GLOBAL MARITIME NAVIGATION LTD.,        :
a.k.a. GLOBAL MARITIME NAVIGATION OOD,  :
a.k.a. GLOBAL MERITAYM NEVIGEYSHAN,     :
a.k.a. NOVAIDEYA-2004, KREMIKOVTZI      :
A.D. a.k.a. KREMIKOVTZI CORP. a.k.a.    :
KREMIKOVTSI, KREMIKOVTZI TRADE          :
E.O.O.D. a.k.a. KREMIKOVTZI TRADE LTD.  :
a.k.a. KREMIKOVTSI TREYD, FINMETALS     :
HOLDING A.D. a.k.a. FINMETALS HOLDING   :
EAD a.k.a. DARU METALS LTD.,            :
GSHL BULGARIA S.A., GLOBAL STEEL        :
HOLDINGS LTD., a.k.a. GLOBAL STEEL      :
a.k.a. GSHL, STEEL SHIPPING AND         :
FORWARDING PLC a.k.a. STIL SHIPING END  :
FORUARDING a.k.a. SSF, and STEMCOR      :
(UK) LIMITED a.k.a. STEMCOR UK LIMITED, :
                                        :
                Defendants.             :
------------------------------------------------------------X



## VERIFIED AMENDED COMPLAINT

Plaintiff, TRANSQUAY LIMITED PARTNERSHIP ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Amended Complaint against the Defendants, GLOBAL MARITIME NAVIGATION LTD. a.k.a. GLOBAL MARITIME NAVIGATION OOD a.k.a. GLOBAL MERITAYM NEVIGEYSHAN a.k.a. NOVAIDEYA-2004 ("GMN"), KREMIKOVTZI A.D. a.k.a. KREMIKOVTZI CORP. a.k.a. KREMIKOVTSI ("K.C."), KREMIKOVTZI TRADE E.O.O.D. a.k.a. KREMIKOVTZI TRADE LTD. a.k.a. KREMIKOVTSI TREYD ("K.T."), FINMETALS HOLDING A.D. a.k.a. FINMETALS HOLDING EAD a.k.a. DARU METALS LTD. ("Finmetals"), GSHL BULGARIA S.A. ("GSHL

BULGARIA"), GLOBAL STEEL HOLDINGS LTD., a.k.a. GLOBAL STEEL a.k.a. GSHL ("GSHL"), STEEL SHIPPING AND FORWARDING PLC a.k.a. STIL SHIPING END FORUARDING a.k.a. SSF ("SSF") and STEMCOR (UK) LIMITED a.k.a. STEMCOR UK LIMITED ("STEMCOR")( collectively referred to as the "Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was a foreign company duly organized and operating under the laws of Liberia and was at all material times the disponent owner of the M/V ZETLAND ( the "Vessel").

3. Upon information and belief and at all material times, Defendant GMN was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Sofia, Bulgaria, and was the Charterer of the Vessel.

4. Upon information and belief, Defendant Global Maritime Navigation Ltd. is also known as Global Maritime Navigation OOD and Global Meritaym Nevigeyshan. Upon information and belief, Defendant Global Maritime Navigation was formerly known as "Novaideya-2004."

5. Upon information and belief and at all material times, Defendant K.C. was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Sofia, Bulgaria, and was the guarantor of GMN's performance under the charter party.

6. Upon information and belief, Defendant Kremikovtzi Corp ("K.C.") is also known as Kremikovtzi Corp. and Kremikovtsi.

7. Upon information and belief and at all material times, Defendant K.T. was, and still is, a foreign corporation or other business entity, organized under, and existing by virtue of foreign law with a principal place of business at the following address: 19/B Tsar Boris, Iii Boulevard, Sofia, Bulgaria.

8. Upon information and belief, Defendant Kremikovtzi Trade Ltd. ("K.T.") is also known as Kremkovtsi Treyd and Kremikovtzi Trade E.O.O.D.

9. Upon information and belief, Defendant Finmetals was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a principal place of business at the following address: 19/B Tsar Boris Iii Boulevard, Sofia, Bulgaria.

10. Upon information and belief, Defendant Finmetals Holding EAD is also known as Finmetals Holding A.D. and Daru Metals Ltd.

11. Upon information and belief, Defendant GSHL was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a principal place of business in Bulgaria.

12. Upon information and belief, Defendant GSHL is also known as Global Steel Holdings Limited.

13. Upon information and belief, Defendant GSHL BULGARIA was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law.

14. Upon information and belief, Defendant SSF was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with

3

a principal place of business in Bulgaria at the following address: 19/B Tzar Boris III Blvd, 1612, Sofia Bulgaria.

15. Upon information and belief, Defendant Steel Shipping and Forwarding PLC is also known as Stil Shiping End Foruarding and SSF.

16. Upon information and belief, Defendant Stemcor was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a known address of: Stemcor UK Limited, Level 27 City Point, One Ropemaker Street, London, GB.

17. Upon information and belief, Defendant Stemcor (UK) Limited is also known as Stemcor UK Limited.

18. Pursuant to a fixture recap dated August 17, 2007 based on the terms of an amended Americanized Welsh Coal Charter with Riders dated August 16, 2007 (the "charter party"), the Plaintiff chartered the Vessel to GMN for the carriage of a cargo of iron ore from Brazil to Bulgaria.

19. Pursuant to the terms of the fixture recap and a guarantee letter dated August 21, 2007, K.C. was the guarantor of the Charterers' performance under the charter party.

20. Certain disputes arose between the parties regarding GMN and K.C.'s failure to pay demurrage due and owing to the Plaintiff under the charter party.

21. Despite due demand, GMN and K.C. have failed to pay the demurrage due and owing to the plaintiff in breach of the charter party.

22. Pursuant to the charter party, disputes arising thereunder with claims exceeding $100,000 are to be submitted to the High Court of Justice in England and Wales with English law to apply.

4

23. Plaintiff has commenced court proceedings in accordance with the charter party.

24. As a result of the Defendants' breaches of the charter party, the Plaintiff has suffered damages in the total principal amount of **$630,499.99** exclusive of interest, court costs and attorneys fees.

25. Interest, costs and attorneys' fees are routinely awarded to the prevailing party pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following:

|   |   |   |
|---|---|---|
| A. | Principal claim: | $630,499.99 |
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $134,688.64 |
| C. | Estimated attorneys' fees and court costs: | $200,000.00 |
| **Total** | | **$965,188.63** |

### DEFENDANTS' RELATIONS

**1.   GMN and K.C.**

26. Upon information and belief, Defendant K.C. is the guarantor of GMN's performance under the charter party and GMN is the alter ego of Defendant K.C. because K.C. dominates and disregards GMN's corporate form to the extent that K.C. is actually carrying on the business and operations of GMN as if the same were its own.

27. Upon information and belief, Defendant GMN is a shell-corporation through which Defendant K.C. conducts its business.

28. Upon information and belief, GMN and K.C. share common employees including Mr. Lazar Slanchev and/or use their names interchangeably in the industry. Mr. Slanchev signed a letter of indemnity dated September 26, 2007 on behalf of Global Maritime Navigation Ltd. as

"managing director" of that company. However, his email address is lazar.slanchev@kremikovtzi.com.

29. Upon information and belief, GMN and K.C. share a registered office. GMN's registered office is KV Botunets, Administrativna Sgrada na Kremikovtzi, 1870 Sofia. K.C. has a registered office at KV Botunets, 1870, Sofia, Bulgaria or J.K. Botunets, 1870, Sofia, Bulgaria.

30. Upon information and belief, Defendant GMN is an alias, or agent of Defendant K.C. and/or K.C. is an alias, or agent of GMN.

31. Upon information and belief, GMN has no separate, independent identity from Defendant K.C.

32. In the further alternative, Defendants GMN and K.C. are partners and/or are joint venturers.

33. In the further alternative, Defendants GMN and K.C. are affiliated companies such that Defendant K.C. is now, or will soon be, holding assets belonging to Defendant GMN and vice versa.

**II.    K.T. and K.C.**

34. Upon information and belief, K.T. is the alter ego of K.C. because it dominates and disregards K.C.'s corporate form to the extent that K.T. is actually carrying on K.C.'s business and operations as if the same were its own.

35. Upon information and belief, Defendant K.T. is an alias, or agent of Defendant K.C. and/or K.C. is an alias, or agent of K.T.

36. Upon information and belief, Defendants K.T. and K.C. share common ownership and operation such that K.T. is 100% owned by K.C. and, as such, K.T. is a wholly owned subsidiary of K.C.

6

37. Upon information and belief, the June 30, 2007 "Review Report and Interim Consolidated Financial Statements" of K.C. (the "June 30 Report") states on page 7 that a subsidiary of K.C. is "an enterprise that is controlled by the parent company. Control is the power to govern the financial and operating policies of an enterprise so as to obtain benefits from its activities."

38. Upon information and belief, K.T. has no separate, independent identity from Defendant K.C.

39. In the alternative, Defendant K.T. is merely a shell-corporation through which K.C. conducts its business.

40. In the further alternative, Defendants K.T. and K.C. are partners and/or are joint venturers.

41. In the further alternative, Defendants K.T. and K.C. are affiliated companies such that Defendant K.C. is now, or will soon be, holding assets belonging to Defendant K.T. and vice versa.

**III.   GSHL and K.C.**

42. Upon information and belief, GSHL is the alter ego of K.C. because it dominates and disregards K.C.'s corporate form to the extent that GSHL is actually carrying on K.C.'s business and operations as if the same were its own.

43. Upon information and belief, Defendant GSHL is an alias, or agent of Defendant K.C. and/or K.C. is an alias, or agent of GSHL.

44. Upon information and belief, Defendants GSHL and K.C. share common ownership and operation such that K.C. is 100% owned by GSHL.

7

45. Upon information and belief, and as reported by the Sofia Echo on Sunday March 27, 2005, GSHL acquired 100% of the shares of Finmetals Holding, a 71% shareholder of K.C., in 2005.

46. Upon information and belief, GSHL has no separate, independent identity from Defendant K.C.

   a. GSHL and K.C. share eight (8) directors in common including: Mohan Lai Mittal, Ashok Kumar Agarwal, Pramod Mittal, Subhash Maheshwari and Vilas Jamnis.

   b. K.C.'s new Chief Executive Officer is Vilas Jamnis, a director at GSHL and the former Director of Global Operations as GSHL.

   c. K.C.'s Chairman of the Executive Board, P.K. Mittal, is also on the board of directors of GSHL.

   d. GSHL is named next to Kremikovtzi on their website http://www.kremikovtzi.com and the web address lists the page as "Kremikovtzi (a GSHL Unit)."

   e. GSHL is a very large global corporation but has no other website of its own.

   f. GSHL is listed as the copyright name on the bottom of each page of Kremikovtzi's website.

47. In the alternative, Defendant GSHL is merely a shell-corporation through which K.C. conducts its business.

48. In the further alternative, Defendants GSHL and K.C. are partners and/or are joint venturers.

49. In the further alternative, Defendants GSHL and K.C. are affiliated companies such that Defendant GSHL is now, or will soon be, holding assets belonging to Defendant K.C. and vice versa.

### IV. GSHL Bulgaria, GSHL and K.C.

50. Upon information and belief, GSHL Bulgaria is the alter ego of GSHL and K.C. because it dominates and disregards GSHL and K.C.'s corporate form to the extent that GSHL Bulgaria is actually carrying on GSHL and K.C.'s business and operations as if the same were its own.

51. Upon information and belief, Defendant GSHL Bulgaria is an alias, or agent of Defendants GSHL and K.C. and/or GSHL and K.C. are aliases, or agents of GSHL Bulgaria.

52. Upon information and belief, Defendants GSHL Bulgaria, GSHL and Kremikovtzi A.D. share common ownership and operation.

   a. Mr. Alok Gupka, the former CEO of Kremikovtzi A.D., is an agent authorized to act on behalf of GSHL Bulgaria. Upon information and belief, while he was CEO of Kremikovtzi, Mr. Gupka instructed Bank of New York to make a payment to GSHL Bulgaria's account in the amount of $1,213,989.92 on November 21, 2005.

   b. Mr. Swapan Dev. Ghose a.k.a. Mr. Svapan Dev Gos is a manager of Kremikovtzi Trade and an employee, manager or agent authorized to act on behalf of GSHL Bulgaria, GSHL and Kremikovtzi A.D.

   c. GSHL Bulgaria, GSHL and Kremikovtzi A.D. share a common block of phone numbers.

    d.    In the April 28, 2006 edition of the United Bulgarian Bank Weekly Bulletin, Kremikovtzi A.D. filed the following information with the bank: "Kremikovtzi A.D. is in on-going negotiations for termination by common consent of a steel products sale contract… between Kremikovtzi A.D. and GSHL Bulgaria." The article goes on to state that GSHL Bulgaria owns 100% of the shares of Finmetals Holding and over 25% of the shares of Kremikovtzi A.D.

    e.    Upon information and belief, GSHL is the 100% shareholder of Kremikovtzi A.D.

    f.    GSHL and GSHL Bulgaria share a common name and logo.

    g.    Thus, upon information and belief, GSHL Bulgaria has no separate independent identity from GSHL and vice versa.

53.    Upon information and belief, GSHL Bulgaria and GSHL use their names interchangeably.

    a.    On the Kremikovtzi webpage in an article available on 9/25/2007, it is stated that GSHL has strengthened Kremikovtzi's management board by adopting several new members bringing the total number of board members to eight. At the bottom of the page, it states that for clarifications, Mr. Swapan Dev Ghose of GSHL Bulgaria should be contacted. Mr. Ghose's contact details are listed as follows: tel: +359 2 9156 204, email: s.ghose@gshl.uk.com

    b.    GSHL Bulgaria is listed in Kremikovtzi A.D.'s Independent Auditor's Report and Consolidated Financial Statements dated December 31, 2006

as the "Subsidiary of the ultimate holding company of the Group" on pages 34 and 35. This is the exact same position that GSHL holds as Ispat Industries Limited owns GSHL and GSHL owns Kremikovtzi A.D.

c. The Sofia Echo published an article stating that GSHL bought out Finmetals to obtain a majority share of Kremikovtzi as Finmetals was formerly the 71% shareholder of Kremikovtzi A.D. *See Forbes' Top Ranker Buys Kremikovtzi, The Sofia Echo, March 27, 2005,* available online at: http://www.sofiaecho.com

d. However, a May 8, 2006 Sofia Echo article, GSHL Bulgaria, not GSHL, is referred to as Kremikovtzi's new owner.

e. The "June 30 Report" on Kremikovtzi A.D. refers to GSHL Bulgaria S.A. as GSHL and uses the names of these entities interchangeably on page 20.

54. Upon information and belief, GSHL, GSHL Bulgaria and Kremikovtzi A.D. share a block of phone numbers. Specifically, these entities are known to have the following numbers:

a. Kremikovtzi A.D. +359 2 9156 200, +359 2 9156 225

b. GSHL Bulgaria S.A.: +359 2 9156 204, +359 2 9156 208, +359 2 9156 221

c. GSHL: +359 2 9156 204

55. In the alternative, Defendant GSHL Bulgaria is merely a shell-corporation through which GSHL conducts its business.

56. In the further alternative, Defendants GSHL Bulgaria and GSHL are partners and/or are joint venturers.

57. In the further alternative, Defendants GSHL Bulgaria and GSHL are affiliated companies such that Defendant GSHL Bulgaria is now, or will soon be, holding assets belonging to Defendant GSHL and vice versa.

### V.  SSF, Finmetals and K.T.

58. Upon information and belief, SSF is the alter ego of Finmetals and K.T. because it dominates and disregards SSF's corporate form to the extent that Finmetals and K.T. are actually carrying on SSF's business and operations as if the same were its own.

59. Upon information and belief, Defendant SSF is an alias, or agent of Defendants Finmetals and K.T. and/or Finmetals and K.T. are aliases, or agents of SSF.

60. Upon information and belief, Defendants SSF and Finmetals share common ownership and operation such that SSF is 100% owned by Finmetals, who is, upon information and belief, 100% owned by GSHL.

61. Further, upon information and belief, Finmetals and SSF have common directors, officers and employees, including Mr. Valentin Kirilov Zahariev, Chairman of the Executive Board of SSF. Mr. Zahariev is also named online as the person behind the 2005 sale of Finmetals to GSHL.

62. Upon information and belief, SSF, Finmetals and K.C. share an office at 19B, Tzar Boris III blvd., Sofia, and SSF and K.T. share the same fax number of +359 2/051 6793.

63. In the alternative, Defendant SSF is the paying agent of Defendants K.T. and/or Finmetals.

64. In the alternative, Defendant SSF is merely a shell-corporation through which K.T. conducts its business.

65. In the further alternative, Defendants SSF and K.T. are partners and/or are joint venturers.

66. In the further alternative, Defendants SSF and K.T. are affiliated companies such that Defendant SSF is now, or will soon be, holding assets belonging to Defendant K.T. and vice versa.

### VI. Stemcor, GMN and K.C.

67. Upon information and belief, Defendant GMN is a shell-corporation through which Defendant Stemcor conducts its business.

68. Upon information and belief, Defendant GMN has no separate, independent identity from Defendant Stemcor.

69. Further, upon information and belief, Stemcor and K.C. have a common director or officer, Mr. Ralph Oppenheimer, who is the beneficial owner of Stemcor and is also on the K.C. supervisory board.

70. Upon information and belief, Defendant Stemcor acts as paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant GMN, and/or receive payments being made to Defendant GMN.

71. Upon information and belief, Defendant GMN uses Defendant Stemcor as a "pass through" entity such that it can insulate itself from creditors relating to its commercial obligations.

72. Although Stemcor was not named in the charter party, and had no formal relationship to the charter of the Vessel, it made a freight payment on behalf of GMN. *See freight payment for the MV Zetland dated January 17, 2008 annexed hereto as Exhibit "1."*

73. It is not common practice in the maritime industry for an independent company to pay another company's debt, where it has no formal relationship to the underlying charter party contract.

74. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

75. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$965,188.63.**

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or

intangible, or any other funds up to the amount of **$965,188.63** belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name(s) or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to N.Y. CPLR Article 53, *et seq.* this Court recognize and confirm any final judgment from the English Court in Plaintiff's favor against the Defendants as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: January 23, 2008
New York, NY

The Plaintiff,
TRANSQUAY LIMITED PARTNERSHIP,

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )  ss.:   City of New York
County of New York   )

1.  My name is Lauren C. Davies.

2.  I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.  I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4.  I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.  The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.  The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.  I am authorized to make this Verification on behalf of the Plaintiff.

Dated: January 23, 2008
       New York, NY

_____
Lauren C. Davies

# EXHIBIT 1

```
Date/Time: 17JAN08 / 14:22:07 Inward SWIFT Message
System Name: ***AQUA Intercept 2.0***
Department: CUST SERVICE
Message Type: MT103
From:       BPPBCHGGXXX
            BNP PARIBAS PRIVATE BANK SWITZERLAN
            GENEVA
Priority: N
Queue:    Archived Processed
ISN:      6515307
          Message received on on 18SEP07 at 8:32:39

{1:F01NDEAGB2LBXXX1436440637}{2:O1030931070918BPPBCHGGAXXX2729467180709180831
N}{3:{108:GC6000001146380707}}{119:STP}}{4:
:20:   Sender's Reference
       TR0150106161100
:23B:  Bank Operation Code
       CRED
:32A:  Value Date/Currency/Interbank Settled Amount
       070919 USD                 7,543,250.00
:33B:  Currency/Instructed Amount
       USD7543250,
:50K:  Ordering Customer
       /15010616
       STEMCOR UK LIMITED
       LEVEL 27 CITY POINT
       ONE ROPEMAKER STREET
       LONDON//GB
:53A:  Sender's Correspondent
       BNPAUS3N                            BANQUE NATIONALE DE PARIS    NEW YORK,NY
:54A:  Receiver's Correspondent
       CHASUS33                            JPMORGAN CHASE BANK          NEW YORK,NY
:59:   Beneficiary Customer
       /GB92NDEA40487854111122
       ZODIAC MARITIME AGENCIES
       LINTON HOUSE
       7-12 TAVISTOCK SQUARE
       WC1H 9TP LONDON//GB
:70:   Remittance Information
       VESSEL - ZEELAND
       REF. GLOBAL MARITIME
:71A:  Details of Charges
       OUR
-}{5:{CHK:BBD590EA0C33}{MAC:00000000}} XZCK100W 1 DKUNPMAN87781371070918O9
3206 F0INDEAGB2LBXXX1436440637 0103093107091BBPPB
TR0150106161100
```