UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRANSQUAY LIMITED PARTNERSHIP,

        Plaintiff,

   - against -

GLOBAL MARITIME NAVIGATION LTD.,
a.k.a. GLOBAL MARITIME NAVIGATION OOD,
a.k.a. GLOBAL MERITAYM NEVIGEYSHAN,
a.k.a. NOVAIDEYA-2004, KREMIKOVTZI
A.D. a.k.a. KREMIKOVTZI CORP. a.k.a.
KREMIKOVTSI, KREMIKOVTZI TRADE
E.O.O.D. a.k.a. KREMIKOVTZI TRADE LTD.
a.k.a. KREMIKOVTSI TREYD, FINMETALS
HOLDING A.D. a.k.a. FINMETALS HOLDING
EAD a.k.a. DARU METALS LTD.,
GSHL BULGARIA S.A., GLOBAL STEEL
HOLDINGS LTD., a.k.a. GLOBAL STEEL
a.k.a. GSHL, STEEL SHIPPING AND
FORWARDING PLC a.k.a. STIL SHIPING END
FORUARDING a.k.a. SSF, and STEMCOR
(UK) LIMITED a.k.a. STEMCOR UK LIMITED,

        Defendants.
------------------------------------------------------------X

07 CV 11130 (CM)
ECF CASE

**AMENDED AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT**

State of Connecticut  )
                        ) ss: SOUTHPORT
County of Fairfield  )

    Lauren C. Davies, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## THE DEFENDANTS ARE NOT WITHIN THIS DISTRICT

2.  I have attempted to locate the Defendants GLOBAL MARITIME NAVIGATION LTD., a.k.a. GLOBAL MARITIME NAVIGATION OOD, a.k.a. GLOBAL MERITAYM NEVIGEYSHAN, a.k.a. NOVAIDEYA-2004, KREMIKOVTZI A.D. a.k.a. KREMIKOVTZI CORP. a.k.a. KREMIKOVTSI, KREMIKOVTZI TRADE E.O.O.D. a.k.a. KREMIKOVTZI TRADE LTD. a.k.a. KREMIKOVTSI TREYD, FINMETALS HOLDING A.D. a.k.a. FINMETALS HOLDING EAD a.k.a. DARU METALS LTD., GSHL BULGARIA S.A., GLOBAL STEEL HOLDINGS LTD., a.k.a. GLOBAL STEEL a.k.a. GSHL, STEEL SHIPPING and FORWARDING PLC a.k.a. STIL SHIPING END FORUARDING a.k.a. SSF, and STEMCOR (UK) LIMITED a.k.a. STEMCOR UK LIMITED, within this District. As part of my investigation to locate the Defendants within this District, I checked the telephone company information directory all area codes within the District, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find a listing for the Defendants. I also checked the New York State Department of Corporations' online database which showed no active listing or registration for the Defendants. I was also unable to find any information to indicate that the Defendants have a general or managing agent within the District.

3.  During our search of the New York State Department of Corporations' online database we found a "Stemcor USA Inc." listed as a Delaware corporation. Upon reviewing the website for Stemcor Holdings Ltd., a UK company (www.stemcor.com), it appears that "Stemcor USA Inc." is a subsidiary of "Stemcor Holdings Ltd." The defendant named in the Verified Amended Complaint is "Stemcor (UK) Limited." "Stemcor (UK) Limited" is a UK company that is also part of the "Stemcor Group," but appears to be a separate and distinct

subsidiary of "Stemcor Holdings Ltd." Based on the foregoing, the defendant, "Stemcor (UK) Limited" is not present in New York.

4.  On the New York Department of Corporations website, it shows that the defendant, Stemcor UK Limited, was previously registered to do business in New York but that their status is currently "inactive" and has no registered agent for service of process. Stemcor UK Limited has no telephone number in New York or listing in the yellow pages or on the internet. Furthermore, the address listed on the Department of Corporations webpage is that of "Stemcor USA Inc." Stemcor UK Limited does not have a New York address based upon a review of their website. As such, we submit that "Stemcor UK Limited" is not present in New York. *See New York Division of Corporations information on Stemcor UK Limited attached hereto as "Exhibit 1."*

5.  I submit that Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

6.  Upon information and belief, the Defendants have, or will have during the pendency of this action, tangible and intangible property within the District subject to the jurisdiction of this Court.

PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

7.  Plaintiff further requests that this Court grant it leave to serve any additional garnishee(s) who may, upon information and belief, obtained in the course of this litigation, to be holding or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishee(s) will allow for prompt service of the Writ of Maritime Attachment and Garnishment without the need to present to the Court amended Process to add future identified garnishee(s)

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

8. Plaintiff also respectfully requests that the Court grant it leave, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, to authorize service of process via facsimile or e-mail following initial *in personam* service.

9. This is Plaintiff's second request for this relief made to any Court.

Dated: February 1, 2008
Southport, CT

_____
Lauren C. Davies

Sworn and subscribed to before me
this 1st day of February 2008.

_____
Notary Public

4