William R. Bennett, III, Esq.
Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendant STEMCOR UK LIMITED
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:    646-328-0120
Facsimile:    646-328-0121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

TRANSQUAY LIMITED PARTNERSHIP,                           07 CV 11130 (CM)
                                                          ECF CASE
                        Plaintiff,

        - against -

GLOBAL MARITIME NAVIGATION LTD.,
a.k.a. GLOBAL MARITIME NAVIGATION OOD,
a.k.a. GLOBAL MERITAYM NEVIGEYSHAN,
a.k.a. NOVAIDEYA-2004, KREMIKOVTZI A.D.
a.k.a. KREMIKOVTZI CORP., a.k.a.
KREMIKOVTSI, KREMIKOVTZI TRADE
E.O.O.D., a.k.a. KREMIKOVTZI TRADE LTD.,      ANSWER TO SECOND
a.k.a. KREMIKOVTZI TREYD, FINMETALS          AMENDED VERIFIED
HOLDING ALD., a.k.a. FINMETALS HOLDING       COMPLAINT
EAD, a.k.a. DARU METALS LTD., GSHL
BULGARIA S.A., GLOBAL STEEL HOLDINGS
LTD., a.k.a. GLOBAL STEEL a.k.a. GSHL, STEEL
SHIPPIONG AND FORWARDING PLC, a.k.a.
STIL SHIPING END FORUARDING, a.k.a. SSF,
and STEMCOR (UK) LIMITED, a.k.a. STEMCOR
UK LIMITED,

                        Defendants.
-----------------------------------------------------------------X

        Defendant STEMCOR UK LIMITED, by and through its attorneys, Bennett, Giuliano,

McDonnell & Perrone, LLP, as and for its Answer to the Second Amended Verified Complaint,

states as follows:

        1.        Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 of the Second Amended Verified Complaint.

2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Second Amended Verified Complaint.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Second Amended Verified Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Amended Verified Complaint.

5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Second Amended Verified Complaint.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Second Amended Verified Complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Second Amended Verified Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Second Amended Verified Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Second Amended Verified Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Verified Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Second Amended Verified Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Verified Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Second Amended Verified Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Second Amended Verified Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Second Amended Verified Complaint.

16.     Admits the allegations contained in paragraph 16 of the Second Amended Verified Complaint.

17.     Denies.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Second Amended Verified Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Second Amended Verified Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Second Amended Verified Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Second Amended Verified Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Second Amended Verified Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Second Amended Verified Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Second Amended Verified Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Second Amended Verified Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Second Amended Verified Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Verified Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Second Amended Verified Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Second Amended Verified Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Second Amended Verified Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Second Amended Verified Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Second Amended Verified Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Second Amended Verified Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Second Amended Verified Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Second Amended Verified Complaint.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Second Amended Verified Complaint.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Second Amended Verified Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Second Amended Verified Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Second Amended Verified Complaint.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Second Amended Verified Complaint.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Second Amended Verified Complaint.

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Second Amended Verified Complaint.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Second Amended Verified Complaint.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Second Amended Verified Complaint.

45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Second Amended Verified Complaint.

46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Second Amended Verified Complaint.

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Second Amended Verified Complaint.

48.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Second Amended Verified Complaint.

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Second Amended Verified Complaint.

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Second Amended Verified Complaint.

51.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Second Amended Verified Complaint.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Second Amended Verified Complaint.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Second Amended Verified Complaint.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Second Amended Verified Complaint.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Second Amended Verified Complaint.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Second Amended Verified Complaint.

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Second Amended Verified Complaint.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Second Amended Verified Complaint.

59.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Second Amended Verified Complaint.

60.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Second Amended Verified Complaint.

61.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Second Amended Verified Complaint.

62.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Second Amended Verified Complaint.

63.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Second Amended Verified Complaint.

64.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Second Amended Verified Complaint.

65.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Second Amended Verified Complaint.

66.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Second Amended Verified Complaint.

67.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Second Amended Verified Complaint.

68.    Denies the allegations contained in paragraph 68 of the Second Amended Verified Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Second Amended Verified Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Second Amended Verified Complaint.

71.     Admits the allegations contained in paragraph 71 of the Second Amended Verified Complaint.

72.     Admits the allegations contained in paragraph 72 of the Second Amended Verified Complaint.

73.     Denies the allegations contained in paragraph 73 of the Second Amended Verified Complaint.

74.     Denies the allegations contained in paragraph 74 of the Second Amended Verified Complaint.

75.     Admits that Stemcor financed Kremikovtzi purchase of the goods on freight; and denies all other allegations.

76.     Admits that Mr. Rudolph Oppenheimer is one of twelve directors of Stemcor UK Limited and one of 5 members of the supervisory board of Kremikovtzi AD and Denies each and every other allegation contained in paragraph 76 of the Second Amended Verified Complaint.

77.     Denies the allegations contained in paragraph 77, but Admits that pursuant to a financing agreement GMN paid freight to plaintiff using funds held by Stemcor.

78.     Denies the allegations contained in paragraph 78 of the Second Amended Verified Complaint.

79.     Admits the allegations contained in paragraph 79 of the Second Amended Verified Complaint.

8

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Second Amended Verified Complaint.

81.     Denies the allegations contained in paragraph 81 of the Second Amended Verified Complaint.

82.     Denies the allegations contained in paragraph 82 of the Second Amended Verified Complaint.

83.     Denies the allegations contained in paragraph 83 of the Second Amended Verified Complaint.

84.     Denies the allegations contained in paragraph 84 of the Second Amended Verified Complaint.

85.     Denies the allegations contained in paragraph 85 of the Second Amended Verified Complaint.

86.     Denies the allegations contained in paragraph 86 of the Second Amended Verified Complaint.

87.     Admits the allegations contained in paragraph 87 of the Second Amended Verified Complaint.

88.     No response required.

### FIRST AFFIRMATIVE DEFENSE

89.     This Court lacks personal jurisdiction over defendant Stemcor UK Limited.

### SECOND AFFIRMATIVE DEFENSE

90.     Venue in this Court is improper.

### THIRD AFFIRMATIVE DEFENSE

91.     Stemcor UK Limited is not responsible for the acts of any other defendant herein.

## FOURTH AFFIRMATIVE DEFENSE

92.    The Second Amended Verified Complaint fails to state a claim against Stemcor UK Limited upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

93.    Service of process of the summons and complaint were insufficient and improper. Service of the notice of attachment was insufficient and improper.

## AS AND FOR A COUNTER-CLAIM AGAINST PLAINTIFF

94.    Stemcor repeats and realleges each and every admission, denial, denial of knowledge or information and affirmative defense contained in paragraphs 1 through 93, hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

95.    Plaintiff acted with malice, gross negligence and with the sole purpose of tortuously interfering with Stemcor UK's business hoping to create a situation where Stemcor was forced under duress to pay a claim it is not liable for.

96.    Plaintiff's bad faith attachment of Stemcor's funds in this district have caused Stemcor to suffer damages for which plaintiff is liable to Stemcor.

97.    Plaintiff, with knowledge that Stemcor was not, and never was, the parent, subsidiary, affiliate, alter ego or agent of any defendant named herein, attached Stemcor's funds.

98.    Stemcor's funds, which were attached by plaintiff, were not funds that were owed to any defendant named herein, attached Stemcor's funds.  Rather, these funds are rightfully Stemcor's funds.

99.    Plaintiff Admits Stemcor was not a party to that charter at issue and, accordingly, Stemcor can have no liability to plaintiff for any damages suffered as a result of an alleged

breach(es) of contract.  Stemcor is not claimed to have committed a tort.  Accordingly, no "claim" exists against Stemcor.

100.  Plaintiff has no basis for its claim against Stemcor and owed Stemcor a duty to investigate its alleged claims against Stemcor.

101.  Plaintiff breached its duty to Stemcor and such breach proximately caused Stemcor to suffer damages arising, inter alia, the interference of Stemcor's contracts with its customers by attaching, in bad faith, Stemcor's assets in this District.

WHEREFORE, Stemcor UK Limited prays that (1) the Second Amended Verified Complaint be dismissed with costs and attorney fees awarded to Stemcor UK Limited; (2) the writ of attachment against Stemcor UK Limited be vacated; (3) Stemcor recover damage against plaintiff in a sum of not less than $250,000; and, (4) Stemcor UK Limited, have such other relief as the Court may deem just and proper.

Dated: New York, New York
      February 15, 2008

                      Bennett, Giuliano, McDonnell & Perrone, LLP
                      Attorneys for Defendant
                      STEMCOR UK LIMITED

                      William R. Bennett, III
                      494 Eighth Avenue, 7th Floor
                      New York, New York 10001
                      Telephone:    (646) 328-0120

TO:    Thomas Tisdale, Esq.
        Tisdale & Lennon, LLC
        11 West 42nd Street, Suite 900
        New York, New York 10036

Z:\Documents\All Files\D769 Transquay\Pleadings\Ans2ndAmVerComp-020808.doc