```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRANSQUAY LIMITED PARTNERSHIP,              :
                                            :
                Plaintiff,                  :
                                            :       07 CV 11130 (CM)
        - against -                         :       ECF CASE
                                            :
GLOBAL MARITIME NAVIGATION LTD.,            :
a.k.a. GLOBAL MARITIME NAVIGATION OOD,:
a.k.a. GLOBAL MERITAYM NEVIGEYSHAN,         :
a.k.a. NOVAIDEYA-2004, KREMIKOVTZI          :
A.D. a.k.a. KREMIKOVTZI CORP. a.k.a.        :
KREMIKOVTSI, KREMIKOVTZI TRADE              :
E.O.O.D. a.k.a. KREMIKOVTZI TRADE LTD.      :
a.k.a. KREMIKOVTSI TREYD, FINMETALS         :
HOLDING A.D. a.k.a. FINMETALS HOLDING       :
EAD a.k.a. DARU METALS LTD.,                :
GSHL BULGARIA S.A., GLOBAL STEEL            :
HOLDINGS LTD., a.k.a. GLOBAL STEEL          :
a.k.a. GSHL, STEEL SHIPPING AND             :
FORWARDING PLC a.k.a. STIL SHIPING END      :
FORUARDING a.k.a. SSF, and STEMCOR          :
(UK) LIMITED a.k.a. STEMCOR UK LIMITED,     :
                                            :
                Defendants.                 :
-------------------------------------------------------------X
```

## MEMORANDUM OF LAW IN OPPOSITION TO STEMCOR'S MOTION FOR AWARD OF COSTS AND FOR AWARD OF INTEREST ON FUNDS

The within Memorandum of Law is submitted on behalf of Transquay Limited Partnership ("Transquay" or "Plaintiff"). Transquay agrees that this action can and should be dismissed with prejudice and without costs to all parties. Transquay opposes Stemcor UK Limited ("Stemcor's") motion insofar as it seeks to award sanctions or interest in favor of Stemcor.

## FACTS

The facts upon which this opposition is based are set forth in accompanying Declaration of Thomas L. Tisdale, Esq.

## ARGUMENT

## POINT ONE

## STEMCOR'S PRIOR REQUEST FOR A DISCONTINUANCE WITH PREJUDICE WAS MERITLESS

Stemcor previously asked Plaintiff's counsel to dismiss the matter with prejudice but provided no legal authority or factual basis for the request. Now that the matter has been settled between the Plaintiff and Stemcor's co-defendant, Plaintiff is in a position to dismiss this case with prejudice. However, Stemcor's prior request for a dismissal with prejudice was meritless. To somehow seek sanctions for declinig to agree with the request at this time is ludicrous.

While Stemcor had earlier moved to, among other things, dismiss the Complaint with prejudice and to vacate the attachment, the Court granted only its motion to vacate the attachment. Since a dismissal with prejudice is deemed a final adjudication on the merits for res judicata purposes on the claims asserted or which could have been asserted in the suit, Stemcor's request of Plaintiff's counsel to dismiss the action with prejudice prior to any settlement, was meritless. See *MBN Broadcasting, Inc. v. Sheridan Broadcasting Network, Inc.*, 105 F. 3d 72, 78 (2d Cir. 1997); *Campaniello Imports, Ltd. v. Saporiti Italia, S.p.A.*, 117 F. 3d 655 (2d Cir. 1997).

As there had been no adjudication of the merits of the case, Stemcor's insistence on a dismissal with Prejudice prior to the settlement was without legal or factual basis. Now that the matter has been settled with a co-defendant, Plaintiff has offered to dismiss the claim with prejudice, but Stemcor refuses to do so until this motion is decided. The matter should be dismissed, including all claims and counterclaims, but the motion denied in all other respects.

## POINT TWO

### PLAINTIFF'S RELEASE OF THE ATTACHED FUNDS WAS TIMELY. STEMCOR'S MOTION FOR INTEREST SHOULD BE DENIED

Stemcor moves for interest on funds attached solely on the basis that the Plaintiff allegedly delayed releasing the funds. Although Stemcor claims that the attachments were vacated on February 27, 2008, the date of oral argument, the order vacating same was not issued by the Court and entered in the ECF System until March 5, 2008. Within less than 24 hours of receipt thereof, the banks involved were directed to release the funds. (See, Tisdale Declaration, ¶¶ 3-6, Exhibit "B"). Even American Express Bank was advised to release the funds the day they were attached, weeks before the motion was made and more than a month before the Order was issued. (Tisdale Declaration ¶ 7, Exhibit "C").

Therefore, there is no basis in fact or law upon which Stemcor would be entitled to interest as there was no delay, let alone any undue delay. Thus, Stemcor's motion must be denied.

## POINT THREE

### STEMCOR'S CLAIM FOR LEGAL FEES PURSUANT TO 28 U.S.C. §1927 MUST BE DENIED

As a final, but entirely unsupported, prayer for relief, Stemcor asks for "costs pursuant to 28 U.S.C. §1927." This section states as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonable and vexatiously maybe required by the Court to satisfy personally the excessive costs, expenses and attorneys' fees reasonably incurred because of such conduct.

"Bad faith is the touchstone of an award under this statute." See *United States v. International Brotherhood of Teamsters*, 948 F. 2d 1338, 1345 (2d Cir. 1991). For that reason "actions are sanctionable under §1927 only if they are 'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Keller v. Mobil Corporation,* 55 F. 3d 94, 99 (2d Cir. 1995). "To impose sanctions under §1927, the trial Court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Agee v. Paramount Communications, Inc.*, 114 F. 3d 395, 398 (2d Cir. 1997).

Stemcor has presented no evidence of bad faith, no evidence of dilatory tactics, no evidence of vexatious behavior to support its claim. In fact, Stemcor has presented no evidence at all on the issue, as no such evidence exists.

Based upon the forgoing, Stemcor's Motion must be denied.

## CONCLUSION

Stemcor's Motion to Dismiss the Complaint with Prejudice should be granted. Stemcor's Motions for Interest and Sanctions should be denied.

Dated: June 9, 2008
       Southport, CT

                              Respectfully Submitted
                              TISDALE LAW OFFICES, LLC
                              Attorneys for the Plaintiffs
                              Transquay Limited Partnership

                              By: /s/ Thomas L. Tisdale
                              Thomas L. Tisdale
                              11 West 42nd Street
                              Suite 900
                              New York, NY 10036
                              Tel:   212-354-0025
                              Fax:  212-869-0067
                              ttisdale@tisdale-law.com