UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRANSQUAY LIMITED PARTNERSHIP,               :
                                                             :
                    Plaintiff,                               :
                                                             :        07 CV 11130 (CM)
          - against -                                        :        ECF CASE
                                                             :
GLOBAL MARITIME NAVIGATION LTD.,            :
a.k.a. GLOBAL MARITIME NAVIGATION OOD,:
a.k.a. GLOBAL MERITAYM NEVIGEYSHAN,     :
a.k.a. NOVAIDEYA-2004, KREMIKOVTZI           :
A.D. a.k.a. KREMIKOVTZI CORP. a.k.a.             :
KREMIKOVTSI, KREMIKOVTZI TRADE              :
E.O.O.D. a.k.a. KREMIKOVTZI TRADE LTD.      :
a.k.a. KREMIKOVTSI TREYD, FINMETALS        :
HOLDING A.D. a.k.a. FINMETALS HOLDING     :
EAD a.k.a. DARU METALS LTD.,                         :
GSHL BULGARIA S.A., GLOBAL STEEL          :
HOLDINGS LTD., a.k.a. GLOBAL STEEL         :
a.k.a. GSHL, STEEL SHIPPING AND                 :
FORWARDING PLC a.k.a. STIL SHIPING END    :
FORUARDING a.k.a. SSF, and STEMCOR         :
(UK) LIMITED a.k.a. STEMCOR UK LIMITED,   :
                                                             :
                    Defendants.                              :
------------------------------------------------------------X

## DECLARATION OF THOMAS L. TISDALE IN OPPOSITION TO STEMCOR'S MOTION FOR AN AWARD OF COSTS AND AN AWARD OF INTEREST

State of Connecticut  )
                      )      ss: SOUTHPORT
County of Fairfield   )

        Thomas L. Tisdale, being duly sworn and under the penalty of perjury of the laws of the

United States pursuant to 28 U.S.C. §1746, hereby declares the as follows:

        1.  I am an attorney at law duly admitted to practice before this Honorable Court.  I am

one of the attorneys for the Plaintiff Transquay Limited Partnership ("Plaintiff" or "Transquay")

in its Rule B action against, among others, Stemcor UK Limited ("Stemcor").  This declaration is

submitted in opposition to the motion by Defendant Stemcor for costs pursuant to 28 U.S.C. §1927 and for an award of interest for allegedly failing to release attached funds in a timely manner.[1]

2.   The action against Stemcor Limited was instituted on January 28, 2008 by the filing of a Verified Amended Complaint which included a Prayer for Ex Parte Order of Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule B") and named several "alter ego" defendants including Stemcor. The Ex Parte Order of Process of Maritime and Garnishment (PMAG) was served on various garnishee banks and on January 29, 2008 a total of $965,188.63 of Stemcor property within the district was attached.

<u>**Alleged Untimely Release of Attached Property**</u>

3.   In its motion, Stemcor claims "On February 27, 2008 the Court vacated the attachment. Plaintiff was obligated to advise the banks that the Court vacated the attachment on that day. They did not." (Stemcor Memorandum of Law, page 4). Upon these facts, Stemcor seeks interest in the amount of $1,670.94. The facts are stated incorrectly.

4.   On February 15, 2008, Stemcor moved to vacate the attachment and to dismiss the action against them. This motion was opposed by the declarant and argued before the Honorable Colleen McMahon on February 27, 2008. (A copy of the transcript of the oral argument is appended to Stemcor's motion as "Exhibit 1"). At page 20 and 21 of the transcript, the Court stated, "And I'm going to vacate the attachment. So we should enter an Order to that effect."

5.        In fact, the Court entered a separate Order vacating the attachment and directing

---

[1] Plaintiff does not oppose the motion insofar as it seeks dismissal with prejudice of the action, as Plaintiff has offered to so dismiss the matter since Plaintiff settled the dispute with one of Stemcor's co-defendants. Stemcor has declined the offer.

Transquay "to provide a copy of the Order to all garnishees holding attached property of Stemcor and advising them the Writ of Attachment is vacated to release the property and to delete Stemcor UK Limited from their filter." (Exhibit "A"). This Order was signed and delivered by ECF to the undersigned on March 5, 2008 at 2:33 pm.

6.    On March 6, 2008 your declarant's paralegal advised each of the banks to release the funds then under attachment, providing a copy of the Order and complying in all respects with the Court's Order. (Exhibit "B") Therefore, the Order was complied with within less than 24 hours of our receipt thereof.

7. Insofar as the motion concerns funds held by American Express, at 2:40 pm on January 29, 2008, a cease and desist notice was sent to all banks advising of the funds that made up full security. The banks were also advised that any additional funds were to be released immediately. Counsel for American Express, Zeichner, Ellman & Krause, gave release instructions To American Express on January 31, 2008. Past that date, they do not have, nor would they have, information about when the funds were received on the other end. (Exhibit "C").

8. The Court issued the Order March 4, 2008, it was electronically filed on March 5, 2008, and the fund released March 6, 2008. No delay was experienced. Stemcor's motion should be denied.

### Proposed Dismissal of the Action Against Stemcor

9. In February, 2008 Stemcor moved to vacate the attachment and for dismissal of the action as against it. The Court granted only its Motion to Vacate the Attachment. The action continued against Stemcor, although the Court did order that Stemcor's name be removed from the filter. (Exhibit "A"). The Court did not dismiss the action as against Stemcor.

10. Shortly after the motion, Stemcor's counsel wrote to the undersigned asking that we dismiss the matter "with prejudice." This request was not acceptable to Plaintiff since a dismissal "with prejudice" is an adjudication on the merits. If further investigation uncovered additional support for the alter ego allegations, the action would have been dismissed with prejudice, and could not then be reinstated. This was stated in the undersigned's email message to Stemcor's counsel on February 28, 2008. (Stemcor Exhibit "2").

11. In late April, 2008 we were advised of the possible settlement of this matter between the Plaintiffs and one of Stemcor's co-defendants. However, because there have been a number of "false starts" in settlements with the co-defendants, we were not at liberty to disclose the possible settlement. On May 12, 2008, we were advised that the matter had been resolved. On or about May 13, 2008, the undersigned advised Stemcor's counsel that the matter had been settled and that we were in a position to discontinue the matter as against all Defendants with prejudice. Stemcor has declined to accept this offer.

12. It was not until such time as the claim was settled between the Plaintiffs and the co-defendants that the matter could be settled with prejudice. Prior thereto Stemcor provided no legal or factual basis upon which their claim should have been dismissed with prejudice. Despite the fact that the undersigned has now offered to dismiss the Complaint with prejudice, Stemcor has refused to accept the offer. The Plaintiff stands ready to dismiss this matter with prejudice. Alternatively, the Court is respectfully requested to dismiss this matter with prejudice including all claims, counterclaims, etc.

## Stemcor's Claim for Costs Pursuant to U.S.C. §1927

13. Without any explanation or basis therefore, Stemcor claims that the Plaintiffs should

be sanctioned, and legal fees awarded in favor of Stemcor. Neither Plaintiff nor Plaintiff's counsel has done anything vexatious, nor has it unreasonably multiplied proceedings in this action. A prayer for sanctions against your declarant, his law firm, or his client is entirely unfounded.

14. Based upon the foregoing, it is respectfully requested that the Court deny Stemcor's motion for interest, deny Stemcor's motion for sanctions pursuant to U.S.C. §1927 and, further, that the Court discontinue with prejudice the above captioned action, including all claims and counterclaims, without costs to either party.

The foregoing is true under penalty of the perjury of the laws of the United States pursuant to 28 U.S.C. §1746.

Dated: June 9, 2008
        Southport, CT

Thomas L. Tisdale

# EXHIBIT A

William R. Bennett, III, Esq.
Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendant STEMCOR UK LIMITED
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:    646-328-0120
Facsimile:    646-328-0121

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/5/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TRANSQUAY LIMITED PARTNERSHIP,

                          Plaintiff,

          - against -

GLOBAL MARITIME NAVIGATION LTD.,
a.k.a. GLOBAL MARITIME NAVIGATION OOD,
a.k.a. GLOBAL MERITAYM NEVIGEYSHAN,
a.k.a. NOVAIDEYA-2004, KREMIKOVTZI A.D.
a.k.a. KREMIKOVTZI CORP., a.k.a.
KREMIKOVTSI, KREMIKOVTZI TRADE
E.O.O.D., a.k.a. KREMIKOVTZI TRADE LTD.,
a.k.a. KREMIKOVTZI TREYD, FINMETALS
HOLDING ALD., a.k.a. FINMETALS HOLDING
EAD, a.k.a. DARU METALS LTD., GSHL
BULGARIA S.A., GLOBAL STEEL HOLDINGS
LTD., a.k.a. GLOBAL STEEL a.k.a. GSHL, STEEL
SHIPPIONG AND FORWARDING PLC, a.k.a.
STIL SHIPING END FORUARDING, a.k.a. SSF,
and STEMCOR (UK) LIMITED, a.k.a. STEMCOR
UK LIMITED,

                          Defendants.
-------------------------------------------------------------X

07 CV 11130 (CM)
ECF CASE

**ORDER**

Colleen McMahon, U.S.D.J.

        This matter, having come before the Court on February 27, 2008 on a motion by

defendant Stemcor UK Limited to vacate an attachment pursuant to Rule B of the Supplemental

Rules for Certain Admiralty or Maritime Claims, and the Court having read the written

submission by Stemcor UK Limited and Transquay Limited Partnership and having heard oral

argument, hereby grants Stemcor UK Limited's motion to vacate the attachment on the grounds stated during the hearing of February 27, 2008, and directs Transquay Limited Partnership, by their counsel, to provide a copy of this Order to all Garnishees holding attached property of Stemcor advising them that the writ of attachment is vacated, to release said property and to delete Stemcor UK Limited from their filter.

SO ORDERED

Dated: New York, New York
      March 4, 2008

Colleen McMahon, U.S.D.J.

# EXHIBIT B

**Thomas Tisdale**

---

**From:** Dawn Kubie
**Sent:** Thursday, March 06, 2008 12:52 PM
**To:** BNP Paribas - pmag@americas.bnpparibas.com; 'ABN Amro (12124097303@faxmail.com)'; Deutsche Bank Legal
Dept. (16465024225@faxmail.com); ABN Amro (12124097303@faxmail.com); Bank of New York
(12126935040@faxmail.com); dawnkubie@gmail.com; Deutsche Bank Legal Dept. (16465024225@faxmail.com);
HSBC (12123827593@faxmail.com); JP Morgan Chase (19174648069@faxmail.com);
maritime.attachments@wachovia.com; mfletcher@zeklaw.com; Mary Mihalik; Rodd Corner (rodd.corner@citi.com);
Standard Chartered Bank Legal Services (Legal.Service@us.standardchartered.com)
**Cc:** 'Lilian Philiposian'; 'kmcgee@rawle.com'; 'bbennett@bgmplaw.com'; Lauren C. Davies; 'kmanyin@rawle.com'
**Subject:** RELEASE OF FUDNS: Transquay Limited Partnership v. Global Maritime Navigation Ltd., et al 07 cv 11130
**Importance:** High

**Re:  Transquay Limited Partnership v. Global Maritime Navigation Ltd., a/k/a Global Maritime**
**Navigation, OOD, Global Meritaym Nevigeyshan a/k/a Novaideya-2004, Kremikovtzi A.D.**
**a/k/a Kremikovtzi Corp. a/k/a Kremikovtsi, a/k/a Kremikovtzi Trade E.O.O.D. a/k/a Kremikovtzi**
**Trade Ltd. a/k/a Kremikovtsi Treyd, Finmetals Holding A.D. a/k/a Finmetals Holding E.A.D.**
**a/k/a Daru Metals Ltd., GSHL Bulgaria S.A., Global Steel Holdings Ltd., a/k/a Global Steel a/k/a**
**GSHL, Steel Shipping and Forwarding PLC a/k/a Stil Shiping End Foruarding a/k/a SSF and**
**Stemcor (UK) Ltd. a/k/a Stemcor UK Limited**
    **Docket Number: 07 Civ. 11130**
    **Our Reference Number: 07-1790**

Ladies and Gentlemen:

We represent the Plaintiff in the above-referenced action.  Please see the attached Order from the court
directing that all funds in this action be released.  For your information, the following banks are holding the
following funds:

Deutsche Bank: $187,500.00
Bank of New York: $777,683.63

We would appreciate if the release could be effectuated as soon as possible.  Thank you!

Sincerely,

6/9/2008

Dawn C. Kubie
Paralegal

Tisdale Law Offices, LLC
11 West 42nd Street, Suite 900
New York, NY  10036
Tel: (212) 354-0025
Fax: (212) 869-0067

10 Spruce Street
Southport, CT  06890
Tel: (203) 254-8474
Fax: (203) 254-1641

6/9/2008

# EXHIBIT C

**Thomas Tisdale**

| | |
|---|---|
| **From:** | Dawn Kubie |
| **Sent:** | Tuesday, January 29, 2008 2:40 PM |
| **To:** | 'BNP Paribas - pmag@americas.bnpparibas.com'; 'ABN Amro (12124097303@faxmail.com)'; 'Deutsche Bank Legal Dept. (16465024225@faxmail.com); Bank of New York (12126935040@faxmail.com); dawnkubie@gmail.com; HSBC (12123827593@faxmail.com); JP Morgan Chase (19174648069@faxmail.com); maritime.attachments@wachovia.com; mfletcher@zeklaw.com; Mary Mihalik; Rodd Corner (rodd.corner@citi.com); Standard Chartered Bank Legal Services (Legal.Service@us.standardchartered.com) |
| **Cc:** | 'Lilian Philiposian' |
| **Subject:** | CEASE & DESIST: Transquay Limited Partnership v. Global Maritime Navigation Ltd., et al 07 cv 11130 |
| **Importance:** | High |

**Re:  Transquay Limited Partnership v. Global Maritime Navigation Ltd., a/k/a Global Maritime Navigation, OOD, Global Meritaym Nevigeyshan a/k/a Novaideya-2004, Kremikovtzi A.D. a/k/a Kremikovtzi Corp. a/k/a Kremikovtsi, a/k/a Kremikovtzi Trade E.O.O.D. a/k/a Kremikovtzi Trade Ltd. a/k/a Kremikovtsi Treyd, Finmetals Holding A.D. a/k/a Finmetals Holding E.A.D. a/k/a Daru Metals Ltd., GSHL Bulgaria S.A., Global Steel Holdings Ltd., a/k/a Global Steel a/k/a GSHL, Steel Shipping and Forwarding PLC a/k/a Stil Shiping End Foruarding a/k/a SSF and Stemcor (UK) Ltd. a/k/a Stemcor UK Limited**
     **Docket Number: 07 Civ. 11130**
     **Our Reference Number: 07-1790**

Ladies and Gentlemen:

We represent the Plaintiff in the above-referenced action.  Please note that we are fully secured in this matter and will no longer be serving the Writ.  Therefore, please cease and desist taking any further action against the Defendant at this time.  **If you are holding the following funds in this action, please continue to restrain them:**

Deutsche Bank: $187,500.00
Bank of New York: $777,683.63

If you are holding funds other than these please immediately release them and/or contact our office.  Thank you!

Sincerely,

Dawn C. Kubie
Paralegal

Tisdale Law Offices, LLC
11 West 42nd Street, Suite 900
New York, NY  10036
Tel: (212) 354-0025
Fax: (212) 869-0067

10 Spruce Street

6/9/2008

Southport, CT  06890
Tel: (203) 254-8474
Fax: (203) 254-1641

6/9/2008